Ethan Preston (263295)
ep@eplaw.us
PRESTON LAW OFFICES
4054 McKinney Avenue, Suite 310
Dallas, Texas 75204
Telephone: (972) 564-8340
Facsimile: (866) 509-1197

*Attorneys for Movant Robert Nock*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT NOCK, an individual,<br><br>　　　　　　Movant,<br><br>v.<br><br>TWILIO INC., a Delaware corporation,<br><br>　　　　　　Respondent. | No. 3:25-mc-80322<br><br>**MOVANT ROBERT NOCK'S NOTICE OF MOTION AND MOTION TO COMPEL NON-PARTY TWILIO INC.**<br><br>Underlying Case: *Nock v. Palmco Admin., LLC*, No. 1:24-cv-00662 (D. Md.)<br><br>Judge:　　　Not yet set<br>Date:　　　Not yet set<br>Courtroom:　Not yet set |

## NOTICE OF MOTION AND MOTION TO COMPEL

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD: PLEASE TAKE NOTICE THAT at a time and place to be set by the Court, Movant Robert Nock ("Nock") shall, and hereby does, move under Federal Rule of Civil Procedure 45 to compel Respondent Twilio Inc. ("Twilio") to comply with Nock's subpoena. Nock simultaneously seeks leave from the Court to appear remotely at any hearing on this motion, via Zoom.

Nock moves to compel Twilio to comply with his subpoena for records about one of its clients, TPV.com. Nock needs Twilio's records to enforce a prior order from the Eastern District of Pennsylvania compelling production from TPV.com, and to ensure TPV.com's ultimate production is complete and correct. TPV.com has refused to produce its communications with the defendants' telemarketers. Nock met and conferred with Twilio on October 6. After Twilio served untimely objections, Nock asked Twilio's counsel three times to set a time to meet and confer again. Twilio did not respond. *Cf.* L.R. 37.1(a) (permitting discovery motion after "counsel for the moving party seeks to arrange [] conference and opposing counsel refuses or

fails to confer").

Dated: October 16, 2025        By: __s/Ethan Preston_____
                                   Ethan Preston (263295)
                                   ep@eplaw.us
                                   PRESTON LAW OFFICES
                                   4054 McKinney Avenue, Suite 310
                                   Dallas, Texas 75204
                                   Telephone: (972) 564-8340
                                   Facsimile: (866) 509-1197

                                   *Attorneys for Movant Robert Nock*

**MEMORANDUM OF POINTS AND AUTHORITIES**

Movant Robert Nock ("Nock") submits this memorandum of points and authorities in support of his motion under Federal Rule of Civil Procedure 45 to compel Respondent Twilio Inc. ("Twilio") to comply with his subpoena, issued from the underlying case in the District of Maryland, *Nock v. Palmco Administration, LLC*, No. 1:24-cv-00662 (D. Md.).

**I.   Background to the Motion**

Nock claims the defendants (an energy supply conglomerate collectively doing business as "Indra") knowingly procured telemarketing campaigns in 2021 that violated the Telephone Consumer Protection Act ("TCPA") and related laws.[1] The telemarketers in Indra's campaigns took measures to disguise their telemarketing as "door-to-door" activity when they enrolled consumers as Indra's customers, including supplying Indra with false identities for its records of its sales agent, falsifying their GPS data during the enrollment process, and coaching the consumers to lie and say they met with the telemarketer in person during subsequent recorded post-enrollment calls. Indra claims it hired these telemarketers as "door-to-door" sales agents, and was an unwitting "victim" of this scheme. Nock seeks records from Twilio to help secure evidence that Indra was a willing co-conspirator who was complicit in this scheme.

**A.   Twilio's Client (TPV.com) Was Ordered to Produce Its Communications with Defendant's Telemarketers**

In 2021, TPV.com (now AnswerNet, Inc.) was Indra's third-party verification provider. It was supposed to independently monitor Indra's ostensible "door-to-door" sales agents, and to audit and verify their enrollments for Indra. TPV.com operated the website that Indra's telemarketers used to enroll consumers with Indra, and provided technical support to Indra's sales agents via 1-800 numbers which Twilio supplies ("Tech Support Numbers"). (Preston Decl. ¶¶10-14.) In particular, call records for one of Indra's telemarketers (Mohsin Absul Jabbar) reflect various calls and texts with TPV.com via four different Tech Support Numbers during the 2021 telemarketing campaigns. (*Id.* ¶¶8-9.)

In July 2025, the Eastern District of Pennsylvania entered an order compelling TPV.com

---

[1] (*See* Complaint, *Nock v. Palmco Admin., LLC*, No. 1:24-cv-00662 (D. Md. Mar. 5, 2024), ECF No. 1 (alleging claims under 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(d)(4); Md. Code, Com. Law, § 14-320).)

to produce documents responsive to Nock's subpoena (the "Order" and/or "TPV.com Order").[2] TPV.com has not fully complied with the Order, and its productions to date have been riddled with discrepancies and gaps. For instance, TPV.com has produced Indra's enrollment data three different times—with different numbers of enrollments, different categories of data, and missing enrollment records present in previous productions. (Preston Decl. ¶¶20-21.) TPV.com produced a declaration claiming it had not found any records of calls or texts with (215) 914-9702—once confronted with the call records for (215) 914-9702, later produced recorded calls with Jabbar arising from his enrollments for Indra in *2020*. (*Id*. ¶¶16-18.) Some of these recordings are direct evidence that TPV.com (Indra's agent) had notice that Jabbar was telemarketing, and was not a door-to-door sales agent.[3] Critically, however, TPV.com still has not produced communications with Indra's telemarketers via the Tech Support Numbers during the *2021* campaign at issue in Nock's case. (*Id*. ¶19.) These communications are essential evidence to prove that it was obvious that Indra's sales agents were actually telemarketers, and that Indra knew (or at least should have known) in *2021* that they in fact were telemarketers—not "door-to-door" sales agents.

**B.     Nock Needs Twilio's Records to Enforce the Order**

Twilio is a leading cloud telecommunications provider headquartered in this Court's District. TPV.com used Twilio's services to operate its Tech Support Numbers. (Nock App'x 52, 54, 95.) Nock seeks evidence from Twilio to help him enforce the Order. Nock's subpoena seeks (in Requests 2 and 3) records for calls and texts sent involving TPV.com's Tech Support Numbers and/or telephone numbers used by Indra's telemarketers (including Jabbar's (215) 914-9702 number). (*Id*. ¶27.) Given the discrepancies and gaps in TPV.com's productions to date, Nock needs this discovery to ensure that TPV.com's production is complete and correct. Requests 4 and 5 seek documents showing all of TPV.com's Tech Support Numbers. (*Id*.) Again, Nock needs this information to identify other Indra telemarketing campaigns in the extant call

---

[2] *See Nock v. AnswerNet, Inc.*, No. 25-26, 2025 WL 2911147 (E.D. Pa. July 1, 2025). AnswerNet, Inc. does business as TPV.com, and Nock refers to it hereinafter as "TPV.com."
[3] Some of these call records provide evidence of the scheme Nock alleges: customers told TPV.com they "didn't meet with anybody today" or they "talked to [the sales agent] on the phone." (Preston Decl. ¶18 (citing TPV000104 (customer "talked to them [the sales agent] on the phone") and TPV000077 (customer "didn't meet with anybody today")).) Again, these 2020 call records are not adequate because they are from an earlier telemarketing campaign.

records via calls to (heretofore unknown) Tech Support Numbers. Finally, Request 8 seeks Twilio's communications about Nock's case, including "communications concerning [Nock's] subpoena, Twilio's response thereto, and the retention and/or production of documents relevant to the case captioned above, as well as documents evidencing such communications." (*Id.*) Production on Request 8 helps ensure the integrity of discovery process.

### C. Nock's Subpoena and Twilio's Response

Nock served Twilio with a subpoena on September 9, 2025. (*Id.* ¶23.) Twilio's deadline to object to the subpoena under Rule 45 was September 23. *Cf.* Fed. R. Civ. P. 45(c)(2)(B).

On September 19, Twilio emailed Nock's counsel to request a copy of the operative complaint and stipulated protective order. (Preston Decl. ¶24.) Twilio did not otherwise communicate with Nock's counsel until October 1, when it responded to an email from Nock's counsel. (*Id.* ¶¶24-25.) On October 7, Nock and Twilio met and conferred by telephone: after Twilio indicated it would not commit to producing any documents, Nock told Twilio would not agree to an extension on its deadline. (*Id.* ¶26.)

Still, Twilio indicated it planned to serve objections. (*Id.*) After the October 7 call, Nock asked Twilio's counsel to set a time to meet and confer after Nock had receipt of the Twilio's response. (*Id.*) On October 10, 2025, Twilio sent objections to Nock's subpoena. (*Id.* ¶X.) Nock then asked Twilio's counsel a second and third time for a time to meet and confer, but counsel never responded. (*Id.* ¶28.)

## II.  Twilio Waived Its Objections

Objections to a subpoena "must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served." Fed. R. Civ. P. 45(c)(2)(B). Nock served his subpoena on September 9, so Twilio's deadline to object was September 23.

> Failure to serve timely objections [to a subpoena] waives all grounds for objection, including privilege[.] [A] nonparty's failure to timely make objections to a Rule 45 subpoena duces tecum generally requires the court to find that any objection, including attorney-client privilege, has been waived.[4]

---

[4] *McCoy v. Southwest Airlines Co., Inc.*, 211 F.R.D. 381, 385 (C.D. Cal. 2002). *See also United States ex rel. Schwartz v. TRW, Inc.*, 211 F.R.D. 388, 392 (C.D. Cal. 2002) ("[f]ailure to serve timely objections [to a subpoena] waives all grounds for objection").

Twilio's objections here were seventeen (17) days late. (Preston Decl. ¶¶23, 27.) This is enough delay for waiver under Rule 45.[5]

Moreover, the record does not reflect extenuating circumstances. Twilio had two weeks' notice of its September 23 deadline: time enough to ensure that the task of responding to Nock's subpoena was assigned to personnel who were available and able to do so. Nock's subpoena contained Rule 45(c)(2)(B)'s applicable language, and expressly warned Twilio that an untimely response would waive objections. (*Id*. ¶23.) As its September email shows, Twilio knew that it needed to "prepare [a] response" to the subpoena. (*Id*. ¶24.) Twilio also plainly understood that deadline had already passed on October 1, and repeatedly asked for "an extension of time to provide [its] objections." (*Id*. ¶25.) Conversely, Nock was keenly aware of the extensive public record of Twilio's scorched earth resistance to discovery in TCPA cases, and clearly signaled to Twilio that the extension was contingent on its corresponding cooperation with document production.[6] (*Id*.) On this record, Nock was within his rights to insist that Twilio reciprocate accomodations.

### III. Even Without Waiver, the Court Should Overrule Twilio's Objectionss

The open items in Nock's subpoena are records of calls and texts between TPV.com and Indra's telemarketers, a list of TPV.com's Tech Support Numbers, and Twilio's communications about the case (Requests 2 to 5, and 8). (*Id*. ¶27.)

Given the gaps and inconsistencies in TPV.com's productions to date, Nock needs this

---

[5] *Cf. Optronic Techs., Inc. v. Ningbo Sunny Elec. Co.*, No. 16-06370, 2021 WL 2354848, *2 (N.D. Cal. June 9, 2021) (delay serving response until "16 days after service of the subpoena" waived objection) *with In re Mizuho Fin. Grp., Inc.*, No. 23-00025, 2023 WL 12004754, *1 (C.D. Cal. Aug. 28, 2023) (objections waived where witness did not respond until "nearly two weeks after the response was due"); *Richter v. Mutual of Omaha Ins. Co.*, No. 06-011, 2006 WL 1277906, *3 (E.D. Wis. May 5, 2006) ("objection [that] was filed four days late [was] deemed waived under [Rule] 45(c)(2)(B); citing *Angell*, 153 F.R.D. at 590 (M.D.N.C. 1994)); *Shumock v. Columbia/HCA Healthcare Corp.*, No. 99-1777, 1999 WL 615169, at *1 (E.D. La. Aug. 12, 1999) (waiver when objections were two days late).

[6] (*Cf.* Preston Decl. ¶22 ("Twilio's counsel served written objections to the subpoena" served by TCPA plaintiff, and counsel "met and conferred on multiple occasions thereafter regarding [plaintiff's] subpoena but were unable to reach any agreement"; "Plaintiffs have subpoenaed Twilio, but Twilio has currently refused to produce the information"; although "Twilio agreed [] to informally produce certain information relevant to its role in the transmission of the GroupMe messages," it "later reneged and demanded that Glauser serve it with a formal third-party subpoena" and then served "unsupported objections [] and simply refused to provide any substantive responses whatsoever").)

evidence to ensure that TPV.com's ultimate production is complete and correct. Hence, the subpoena seeks discoverable evidence relevant to "the existence, description, [] condition, and location of" the documents already covered by the Pennsylvania court's Order.[7]

As the person "opposing discovery," Twilio "bears the burden of showing that discovery should not be allowed, and of clarifying, explaining, and supporting its objections with competent evidence."[8] Most of Twilio's objections on the grounds of burden, relevance, proportionality, and duplication are generic boilerplate.[9] "Where [] the responding party provides a boilerplate or generalized objection, the 'objections are inadequate and tantamount to not making any objection at all.'"[10] Where Twilio has provided details to support its objections, however, Nock addresses them below.

**A.   TPV.com's Records Do Not Immunize Twilio From Discovery**

Twilio maintains Nock should first seek discovery from TPV.com, before seeking discovery from it. Both Twilio and TPV.com are third parties in Nock's case—this is not a case where Twilio can argue discovery should come from TPV.com before Twilio because it is a litigant in the underlying *Indra* case. Even if TPV.com were a party, this objection generally is not well taken: "to the extent [it] objects that [requests in Nock's subpoena] seek information equally available to [TPV.com,] 'courts have unambiguously stated that this exact objection is

---

[7] Fed. R. Civ. P. 26(b) advisory committee's notes for 2015 amendment.
[8] *Lofton v. Verizon Wireless (VAW) LLC*, 308 F.R.D. 276, 281 (N.D. Cal. 2015) (citing, e.g., *La. Pac. Corp. v. Money Mkt. 1 Inst'l Inv. Dealer*, 285 F.R.D. 481, 485 (N.D. Cal. 2012)).
[9] *In re ATM Fee Antitrust Litig.*, 233 F.R.D. 542, 545 (N.D. Cal. 2005) ("litany of overly burdensome, oppressive, and irrelevant does not alone constitute a successful objection to a discovery request"). *See also Bible v. Rio Props., Inc.*, 246 F.R.D. 614, 619 (C.D. Cal. 2007) ("no merit to . . . boilerplate objections such as 'overly broad' [or] 'vague and ambiguous'"); *United States ex rel. O'Connell v. Chapman Univ.*, 245 F.R.D. 646, 649 (C.D. Cal. 2007) (objection stating "[o]verbroad, unduly burdensome, unduly redundant to other discovery, oppressive" were meritless and improper "boilerplate objections")
   Conversely, Rule 26(b)(1) does "not place on the party seeking discovery the burden of addressing all proportionality considerations." Fed. R. Civ. P. 26(b) advisory committee's notes for 2015 amendment (quoted and followed by *Salazar v. McDonald's Corp.*, No. 14-02096, 2016 WL 736213, *2 (N.D. Cal. Feb. 25, 2016)).
[10] *Makaeff v. Trump Univ., LLC*, No. 10-CV-0940-GPC WVG, 2013 WL 990918, at *6 (S.D. Cal. Mar. 12, 2013) (quoting *Walker v. Lakewood Condominium Owners Ass'n*, 186 F.R.D. 584, 587 (C.D. Cal. 1999)). *See also Duran v. Cisco Sys., Inc.*, 258 F.R.D. 375, 379 (C.D. Cal. 2009) ("unexplained and unsupported boilerplate objections are improper").

insufficient to resist a discovery request.'"[11] This objection also ignores the specifics in this case: Nock needs Twilio's records to effectively enforce the Order, and ensure TPV.com's production is complete and correct. Once TPV.com resisted the Order, any weight Twilio could place on its argument that Nock could "get the documents [he] seeks from [TPV.com] more readily than" it went out the window.[12]

> [T]here is no general rule that plaintiffs cannot seek nonparty discovery of documents likely to be in defendants' possession. In fact, in appropriate circumstances, production from a third party will be compelled in the face of an argument that the "same" documents could be obtained from a party, because *there is reason to believe that the files of the third party may contain different versions of documents, additional material, or perhaps, significant omissions.*[13]

"While serving non-parties with identical document requests may result in duplication, such action would ensure discovery of all facts necessary to unearth the truth."[14] A subpoena is not "unreasonably cumulative and duplicative of party discovery" when a litigant needs production on its subpoena "to test the veracity of [other litigants'] assertions that they have produced all the

---

[11] *Nat'l Academy of Recording Arts & Scis., Inc. v. On Point Events, LP*, 256 F.R.D. 678, 682 (C.D. Cal. 2009) (quoting *St. Paul Reinsurance Co., Ltd., CNA v. Commercial Fin. Corp.*, 198 F.R.D. 508, 514 (N.D. Iowa 2000), collecting cases).

[12] *Unisource Worldwide, Inc. v. Swope*, No. 13-02822, 2013 WL 12116382, *2 (C.D. Cal. May 14, 2013) (quoting *Composition Roofers Union Local 30 Welfare Tr. Fund v. Graveley Roofing Enters., Inc.*, 160 F.R.D. 70, 72 (E.D. Pa. 1995) (rejecting argument that documents could be more easily obtained from party where "Plaintiffs [had] tried repeatedly to obtain the information from Defendant, without success")).

[13] *Viacom Int'l, Inc. v. YouTube, Inc.*, No. 08-80129, 2008 WL 3876142, *2-3 (N.D. Cal. Aug. 18, 2008) (quoting *Visto Corp. v. Smartner Info. Sys., Ltd.*, Nos. 06-80339, 2007 WL 218771, *3 (N.D. Cal. Jan. 29, 2007); compelling compliance with subpoena where there was no "reason to believe that [defendant] retained all communications and documents shared" with witness receiving subpoena; italics added).

[14] *In re PE Corp. Sec. Litig.*, 221 F.R.D. 20, 28 (D. Conn. 2003) (denying motion for protective order against subpoenas which sought "nine copies of the same documents from nine different parties"). *See also Drummond Co., Inc. v. Collingsworth*, No. 13-80169, 2013 WL 6074157, *10 (N.D. Cal. Nov. 18, 2013) (rejecting argument that "information sought by the subpoenas is duplicative of discovery already produced," where defendants failed "to provide any evidence showing what discovery they have produced"); *In re C.R. Bard, Inc. Pelvic Repair Sys. Prod. Liab. Litig.*, 287 F.R.D. 377, 383 (S.D.W. Va. 2012) ("possibility of duplication is not a reason for quashing the subpoena [] plaintiffs should not be limited to production of documents only by [defendant]"); *High Point Sarl v. Sprint Nextel Corp.*, No. 09-2269, 2011 WL 124534 (D. Kan. Jan. 14, 2011) ("no undue burden or expense that would require [party] to first seek these documents from" other parties, "interest[s] of judicial economy and efficiency" required non-party "contractual custodian of the subpoenaed documents" to comply with plaintiff's subpoena); *Ambu, Inc. v. Kohlbrat & Bunz Corp.*, No. 99-20, 2000 WL 17181, *7 (W.D.N.C. Jan. 6, 2000) (subpoena enforced where plaintiffs did "seek [subpoenaed] information from a party before resorting to third parties," but "received [] incomplete and evasive" responses).

documents they are required to produce."[15]

Twilio obviously prefers to defer providing discovery as long as there is any possibility someone else might do it first, but "one of the duties which the citizen owes to his government is to support the administration of justice by attending its courts and [give evidence] whenever he is properly summoned."[16]

> A subpoena has never been treated as an invitation to a game of hare and hounds, in which the witness must testify only if cornered at the end of the chase. If that were the case, then, indeed, the great power of testimonial compulsion, so necessary to the effective functioning of courts [], would be a nullity.[17]

Twilio may prefer to be the custodian of last resort, but it has to yield to a proper application of Rule 45. Surely Nock presents such an application here, where he seeks independent evidence necessary to ensure that TPV.com's ultimate production is complete, and enforce the Order.

### B. TPV.com Other Objections Misstate the Subpoena's Scope

Twilio objects to producing call records between TPV.com's Tech Support Numbers and telephone numbers used by Indra's telemarketers (Request 2) because the subpoena supposedly "seeks call records 'between' ten (10) phone numbers without specifying timeframes or limiting context." (Preston Decl. ¶27 (citing Nock App'x 95).) Twilio objects that production of documents showing what 1-800 numbers TPV.com used (Requests 4 and 5) "is not reasonably tailored in scope, time, or subject matter." (*Id*. (citing Nock App'x 97).) Twilio misstates the subpoena: Request 2, 4, and 5 are limited to "the class period" (since March 5, 2020) (*Id*. (citing Nock App'x 73, 79).)

Twilio objects that the subpoena improperly seeks "all documents" which are responsive to Requests 5 and 8. (*Id*. (citing Nock App'x 99, 102).) "Requests for 'all documents' are not *per se* improper; rather, the appropriate inquiry is whether the documents sought are relevant and the burden of compliance is proportional to the needs of the case."[18] Twilio could satisfy Request 4

---

[15] *Med. Tech., Inc. v. Breg, Inc.*, No. 10-00100, 2010 WL 3734719, *4 (E.D. Pa. Sept. 21, 2010).
[16] *Blackmer v. United States*, 284 U.S. 421, 438 (1932).
[17] *United States v. Bryan*, 339 U.S. 323, 331 (1950).
[18] *Certain Underwriters at Lloyd's v. Nat'l R.R. Passenger Corp.*, No. 16-2778, 2016 WL 6902140, *6 (E.D.N.Y. Nov. 23, 2016). *Cf. Gold v. Kaplan*, No. 21-03204, 2021 WL 6618643, *6 (C.D. Cal. Dec. 2, 2021) (same, overruling objection to discovery "of 'all

with a single document listing TV.com's 1-800 numbers. Twilio also misstates the Subpoena when it objects that Request 8 "fails to identify specific individuals or entities, timeframes, or subject matter limitations." (*Id.* (citing Nock App'x 102).) In fact, Request 8 seeks Twilio's communications about the case—which tightly limits the subject matter and necessarily limits the time frame (after September 9). The Subpoena is not improper simply because Nock cannot identify all Twilio's counterparties for responsive communications. Nock is entitled to such communications Twilio had with (say) TPV.com through an intermediary, even if Nock cannot presently identify that intermediary: a "more lenient standard [] applies where knowledge of the content of subpoenaed documents or other material lies exclusively with the person from whom discovery is sought."[19]

### C.  Twilio Has Not Shown the Subpoena Seeks Privileged Documents

Twilio also objects "to the extent [Request 8] seeks privileged communications, including those protected by attorney-client privilege or work product doctrine." (*Id.* ¶27.) Again, Twilio waived these objections.[20] Even if it had not, Twilio has not substantiated them. For Twilio to properly withhold such communications, it would have to disclose "the nature of the withheld documents [] in a manner that, without revealing information itself privileged [], will enable [Nock] to assess the claim" under Rule 45.[21] In this context, Twilio's general objection "'to the extent [the Subpoena seeks] documents protected by the attorney-client privilege' [does] not

---

documents' or documents depicting 'every transaction'" regarding financial transactions of specified defendants).
[19] *In re Application of Chevron Corp.*, 709 F. Supp. 2d 283, 305 n.31 (S.D.N.Y. 2010) (citations omitted). "[I]f a party does not know exactly what materials it wishes produced it may issue a subpoena requiring the production of all documents in the recipient's custody or control relating to a certain specified matter or issue." 9A Charles Alan Wright, Arthur R. Miller, et al, Federal Practice and Procedure § 2457 (3d ed. 2025). *See also Roebling v. Anderson*, 257 F.2d 615, 622 n.7 (D.C. Cir. 1958) (discovery seeking all documents "related to the subject of inquiry" are proper: otherwise, a litigant "would be compelled to designate each particular [document] which it desired, which presupposes an accurate knowledge of such papers" which would "rarely, if ever," be the case; quoting *Consol. Rendering Co. v. Vermont*, 207 U.S. 541, 544 (1908)); *Union Pac. R. Co. v. Grede Foundries, Inc.*, No. 07-1279, 2008 WL 4148591, *9 (D. Kan. Sept. 3, 2008) (argument that documents sought were not specifically identified until motion to compel was "disingenuous," where "requesting party [in a different industry] would have no way of knowing how all relevant documents are categorized or named").
[20] *Cf. McCoy*, 211 F.R.D. at 385.
[21] Fed. R. Civ. P. 45(e)(2)(A).

satisfy the requirements of Rule 45(d)(2)."[22] Even if Twilio had not waived its objections, it would have to provide a privilege log. Indeed, Twilio's failure to provide a timely, adequate privilege log is its own grounds for waiver.[23] The "default guideline" is that it "is sufficient" to serve a privilege log together with the underlying privilege objections but that obviously did not happen here, and other key factors (like "the timeliness of the objection and accompanying information about the withheld documents") weigh in favor of waiver.[24]

### D. The Relief Nock Seeks Complies with the Stored Communications Act

Finally, Twilio objects that objects the Stored Communications Act ("SCA") forbids it from producing the "contents" of TPV.com's communications with third parties in response to Request 3. *See* 18 U.S.C. § 2702(a). So far as it goes, there is no dispute about this proposition. At least in the first instance, Nock only seeks *non-content* metadata (that is, the call and text logs) for TPV.com's communications in order to enforce the Order.[25] Twilio should produce call and text logs—but not recordings of those calls or the contents of those texts at this time.

However, the SCA has exceptions to this proscription, particularly the "lawful consent of the originator or an addressee or intended recipient of such communication." *Cf.* 18 U.S.C. § 2702(b)(3). Nock expects to seek relief from the Pennsylvania court with the respect to the Order coercing TPV.com to consent to Twilio making an independent production of the underlying communications (including their contents).[26] In the meantime, Nock's subpoena ensures that the relevant evidence will be preserved.[27]

---

[22] *Compaq Computer Corp. v. Packard Bell Elecs., Inc.*, 163 F.R.D. 329, 338 (N.D. Cal. 1995) (compelling privilege log). *See Forsythe v. Brown*, 281 F.R.D. 577, 588, 589 (D. Nev. 2012) (predecessor to Rule 45(e)(2) "requires a person withholding subpoenaed information under a claim of privilege [] to provide a privilege log").
[23] *Waymo LLC v. Uber Techs., Inc.*, No. 17-00939, 2017 WL 11917918, *3 (N.D. Cal. Oct. 27, 2017) (party "waived [] privilege for any responsive documents not on [] privilege log").
[24] *Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Ct. for Dist. of Mont.*, 408 F.3d 1142, 1149 (9th Cir. 2005).
[25] *See Optiver Australia Pty. Ltd. v. Tibra Trading Pty. Ltd.*, No. 12-80242, 2013 WL 256771 (N.D. Cal. Jan. 23, 2013) (prohibiting email provider from producing email contents, but compelling production of email metadata).
[26] *Cf.* 18 U.S.C. § 2702(b)(3) (contents disclosed "with the lawful consent of the originator or [] addressee"); *In re Irish Bank Resol. Corp. Ltd. (in Special Liquidation)*, 559 B.R. 627, 649 (Bankr. D. Del. 2016) ("Court has authority to compel a party refusing discovery to provide consent under the SCA").
[27] *Cf. In re Napster, Inc. Copyright Litig.*, 462 F. Supp. 2d 1060, 1068 (N.D. Cal. 2006) ("duty to preserve [became witness's] legal obligation [after service of] plaintiffs' subpoena").

## IV. Conclusion

Nock needs Twilio's call records and other documents to effectively enforce the Order against TPV.com. Twilio's untimely response waived its objections to the subpoena. Even if it did not, Twilio's objections do not justify its refusal to participate in discovery, and the relief Nock seeks complies with the SCA. The Court should enter an order compelling Twilio to comply with Nock's subpoena.

Dated: October 16, 2025

By: s/Ethan Preston
Ethan Preston (263295)
ep@eplaw.us
PRESTON LAW OFFICES
4054 McKinney Avenue, Suite 310
Dallas, Texas 75204
Telephone: (972) 564-8340
Facsimile: (866) 509-1197

*Attorneys for Movant Robert Nock*