Ethan Preston (263295)
ep@eplaw.us
PRESTON LAW OFFICES
4054 McKinney Avenue, Suite 310
Dallas, Texas 75204
Telephone: (972) 564-8340
Facsimile: (866) 509-1197

*Attorneys for Movant Robert Nock*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROBERT NOCK, an individual, | No. 3:25-mc-80322 |
| Movant, | **OCTOBER 2025 DECLARATION OF ETHAN PRESTON SUPPORTING MOVANT ROBERT NOCK'S NOTICE OF MOTION AND MOTION TO COMPEL NON-PARTY TWILIO INC.** |
| v. | |
| TWILIO INC., a Delaware corporation, | |
| Respondent. | Underlying Case: *Nock v. Palmco Admin., LLC*, No. 1:24-cv-00662 (D. Md.) |
| | Judge:       Not yet set<br>Date:         Not yet set<br>Courtroom: Not yet set |

1. My name is Ethan Preston. I am an attorney at law licensed to practice before all of the courts of the State of California. I am counsel of record for Movant Robert Nock ("Nock"), and have personal knowledge of all of the facts set forth in this declaration and could testify thereto if called to do so.

2. I represent Nock in the underlying case pending before the United States Court for the District of Maryland, captioned *Nock v. Palmco Administration, LLC*, No. 1:24-cv-00662 (D. Md.). The defendants in that case collectively do business as "Indra." Nock alleges Indra the defendants knowingly procured telemarketing campaigns in 2021 that violated the Telephone Consumer Protection Act ("TCPA") and related laws (47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(d)(4); Md. Code, Com. Law, § 14-320). The telemarketers in Indra's campaigns took measures to disguise their telemarketing as "door-to-door" activity when they enrolled consumers as Indra's customers, including supplying Indra with false identities for its records of its sales agent, falsifying their GPS data during the enrollment process, and coaching the

consumers to lie and say they met with the telemarketer in person during subsequent recorded post-enrollment calls.

3. I also represent Nock in a different case that pending before the United States District Court for the District of Maryland, captioned *Nock v. Spring Energy RRH, LLC*, No. 1:25-cv-02809-RDB (D. Md.) ("*RRH*"), against another set of defendants which hired the same telemarketers. The telemarketing campaign in *RRH* took place immediately before Indra's campaign. Some of the evidence collected in *RRH* (including portions of TPV.com's Rule 30(b)(6) deposition transcript) is relevant to Nock's motion here.

4. AnswerNet, Inc. is one of Twilio Inc.'s clients. It does business as TPV.com, and provided third-party verification services to both Indra and the *RRH* defendants. The contents of Nock's attached appendix are true and correct copies of documents as described below, except for Nock has applied consecutive pagination (for the Court's convenience) and markings where the documents were used as exhibits in either *Indra* or *RRH*.

**Mohsin Abdul Jabbar**

5. In the *Indra* case, Nock served a subpoena one of Indra's prior telemarketing vendors (Synegence, LLC). Documents 1 and 2 in the appendix are true and correct copies of emails produced by Syngence in response to that subpoena (except that Nock redacted the passwords from Document 1). Document 1 is an email sent in 2019 from Synegence to Mohsin Abdul Jabbar ("Jabbar") with login credentials for Indra's database. Document 2 is an email Jabbar sent in 2020, listing his telephone number as (215) 914-9702 and his address in Sargodha, Pakistan.

6. Document 3 in the appendix is a true and correct copy of Mohsin Abdul Jabbar's LinkedIn profile at https://www.linkedin.com/in/mohsin-abdul-jabbar-2838a8121/recent-activity/all, prepared as a pdf file by counsel on May 19, 2024. Document 3 contains a post identifying "2159149702"as Mohsin Abdul Jabbar's telephone number. (Nock App'x 5.)

7. Document 4 in the appendix is a true and correct copy of an email Indra produced to Nock in 2024. In the email, Indra told its vendor (Neil St. Louis) that it had deactivated one of St. Louis's ostensible "door-to-door" sales agents after finding GPS coordinates in the data for

one of the sales agent's enrollments placing the sales agent (that is, a disguised telemarketer) in Pakistan. (Nock App'x 4.) The GPS coordinates in the email point to Sargodha, Pakistan (32.094500930864314,72.69109335397042, shown in the screenshot from Google Maps below):



Based on my review of discovery in this case and *RRH*, this email reflects an incident where Indra discovered Jabbar (or one of his confederates) had accidently exposed their real GPS coordinates in the enrollment process during the June 2021 telemarketing campaign alleged by Nock. Indra then directed the vendor working with Jabbar (St. Louis) to take corrective action to ensure that it maintained plausible deniability with respect to its "door-to-door" sales.

8.  In *RRH*, Nock served a subpoena on TextNow, Inc., the carrier for (215) 914-9702. TextNow produced call records for (215) 914-9702 in a file called "#2159149702.calls_20240327-195453.csv," which included calls between (215) 914-9702 and three different TPV.com telephone numbers (as described below) between March and May 2021. These call records are shown in the table below:

| | | | | |
|---|---|---|---|---|
| 2021-03-02 16:57:08 +0000 | 2021-03-02 16:59:28 +0000 | 140 | tel:+12159149702 | tel:+18335137075 |
| 2021-03-04 17:19:55 +0000 | 2021-03-04 17:21:13 +0000 | 78 | tel:+12159149702 | tel:+18335137075 |
| 2021-03-08 20:56:55 +0000 | 2021-03-08 20:59:20 +0000 | 145 | tel:+18335137075 | tel:+12159149702 |
| 2021-03-23 19:46:47 +0000 | 2021-03-23 19:47:27 +0000 | 40 | tel:+12159149702 | tel:+18335137075 |

| # | | | | | |
|---|---|---|---|---|---|
| 1 | 2021-03-24 16:12:07 +0000 | 2021-03-24 16:15:36 +0000 | 209 | tel:+12159149702 | tel:+18335137075 |
| 2 | 2021-03-27 16:22:07 +0000 | 2021-03-27 16:23:26 +0000 | 79 | tel:+12159149702 | tel:+18335137075 |
| 3 | 2021-03-29 22:56:25 +0000 | 2021-03-29 22:56:33 +0000 | 8 | tel:+12159149702 | tel:+18444161174 |
| 4 | 2021-04-19 22:15:46 +0000 | 2021-04-19 22:17:08 +0000 | 82 | tel:+12159149702 | tel:+18335137075 |
| 5 | 2021-04-19 23:37:37 +0000 | 2021-04-19 23:37:37 +0000 | 0 | tel:+12159149702 | tel:+928444161174 |
| 6 | 2021-04-19 23:38:07 +0000 | 2021-04-19 23:38:15 +0000 | 8 | tel:+12159149702 | tel:+18444161174 |
| 7 | 2021-04-21 17:21:49 +0000 | 2021-04-21 17:22:55 +0000 | 66 | tel:+12159149702 | tel:+18335137075 |
| 8 | 2021-04-21 22:04:58 +0000 | 2021-04-21 22:06:41 +0000 | 103 | tel:+12159149702 | tel:+18335137075 |
| 9 | 2021-04-23 00:06:12 +0000 | 2021-04-23 00:07:23 +0000 | 71 | tel:+12159149702 | tel:+18335137075 |
| 10 | **2021-04-27 18:35:18 +0000** | **2021-04-27 18:38:59 +0000** | **221** | **tel:+18449432767** | **tel:+12159149702** |
| 11 | 2021-04-28 22:15:13 +0000 | 2021-04-28 22:16:24 +0000 | 71 | tel:+12159149702 | tel:+18449432767 |
| 12 | 2021-04-29 21:40:13 +0000 | 2021-04-29 21:41:40 +0000 | 87 | tel:+12159149702 | tel:+18335137075 |
| 13 | 2021-04-29 23:00:06 +0000 | 2021-04-29 23:01:35 +0000 | 89 | tel:+12159149702 | tel:+18449432767 |
| 14 | 2021-04-29 23:53:07 +0000 | 2021-04-29 23:53:18 +0000 | 11 | tel:+12159149702 | tel:+18335137075 |
| 15 | 2021-04-29 23:53:44 +0000 | 2021-04-29 23:55:07 +0000 | 83 | tel:+12159149702 | tel:+18335137075 |
| 16 | 2021-04-29 23:53:47 +0000 | 2021-04-29 23:55:10 +0000 | 83 | tel:+12159149702 | tel:+18335137075 |
| 17 | 2021-04-30 21:24:40 +0000 | 2021-04-30 21:26:49 +0000 | 129 | tel:+12159149702 | tel:+18449432767 |
| 18 | 2021-05-03 17:42:20 +0000 | 2021-05-03 17:43:37 +0000 | 77 | tel:+12159149702 | tel:+18449432767 |
| 19 | 2021-05-03 18:07:56 +0000 | 2021-05-03 18:09:08 +0000 | 72 | tel:+12159149702 | tel:+18449432767 |
| 20 | 2021-05-03 23:13:25 +0000 | 2021-05-03 23:14:03 +0000 | 38 | tel:+12159149702 | tel:+18335137075 |
| 21 | 2021-05-03 23:14:15 +0000 | 2021-05-03 23:15:22 +0000 | 67 | tel:+12159149702 | tel:+18335137075 |
| 22 | 2021-05-03 23:40:26 +0000 | 2021-05-03 23:42:08 +0000 | 102 | tel:+12159149702 | tel:+18335137075 |
| 23 | 2021-05-03 23:40:29 +0000 | 2021-05-03 23:42:11 +0000 | 102 | tel:+12159149702 | tel:+18335137075 |
| 24 | 2021-05-05 19:30:13 +0000 | 2021-05-05 19:31:36 +0000 | 83 | tel:+12159149702 | tel:+18335137075 |
| 25 | 2021-05-05 19:39:40 +0000 | 2021-05-05 19:40:58 +0000 | 78 | tel:+12159149702 | tel:+18335137075 |
| 26 | 2021-05-11 18:29:02 +0000 | 2021-05-11 18:30:19 +0000 | 77 | tel:+12159149702 | tel:+18449432767 |
| 27 | 2021-05-11 23:48:09 +0000 | 2021-05-11 23:49:11 +0000 | 62 | tel:+12159149702 | tel:+18335137075 |
| 28 | | | | | |

| | | | | | |
|---|---|---|---|---|---|
| 1 | 2021-05-12 18:02:40 +0000 | 2021-05-12 18:02:44 +0000 | 4 | tel:+12159149702 | tel:+18335137075 |
| 2 | 2021-05-12 18:02:53 +0000 | 2021-05-12 18:04:15 +0000 | 82 | tel:+12159149702 | tel:+18335137075 |
| 3 | 2021-05-14 18:36:00 +0000 | 2021-05-14 18:36:30 +0000 | 30 | tel:+12159149702 | tel:+18335137075 |
| 4 | 2021-05-17 18:24:23 +0000 | 2021-05-17 18:25:34 +0000 | 71 | tel:+12159149702 | tel:+18335137075 |
| 5 | 2021-05-18 18:07:49 +0000 | 2021-05-18 18:09:00 +0000 | 71 | tel:+12159149702 | tel:+18335137075 |
| 6 | 2021-05-18 23:16:29 +0000 | 2021-05-18 23:17:29 +0000 | 60 | tel:+12159149702 | tel:+18335137075 |
| 7 | 2021-05-19 21:39:04 +0000 | 2021-05-19 21:40:18 +0000 | 74 | tel:+12159149702 | tel:+18335137075 |
| 8 | 2021-05-19 23:49:38 +0000 | 2021-05-19 23:50:35 +0000 | 57 | tel:+12159149702 | tel:+18335137075 |
| 9 | 2021-05-20 20:52:36 +0000 | 2021-05-20 20:54:28 +0000 | 112 | tel:+12159149702 | tel:+18335137075 |
| 10 | 2021-05-20 23:24:48 +0000 | 2021-05-20 23:26:14 +0000 | 86 | tel:+12159149702 | tel:+18335137075 |
| 11 | 2021-05-21 15:52:59 +0000 | 2021-05-21 15:54:07 +0000 | 68 | tel:+12159149702 | tel:+18335137075 |
| 12 | 2021-05-21 17:40:28 +0000 | 2021-05-21 17:41:30 +0000 | 62 | tel:+12159149702 | tel:+18335137075 |
| 13 | 2021-05-24 16:24:41 +0000 | 2021-05-24 16:25:57 +0000 | 76 | tel:+12159149702 | tel:+18335137075 |
| 14 | 2021-05-24 20:51:43 +0000 | 2021-05-24 20:51:56 +0000 | 13 | tel:+12159149702 | tel:+18335137075 |
| 15 | 2021-05-24 20:52:05 +0000 | 2021-05-24 20:53:33 +0000 | 88 | tel:+12159149702 | tel:+18335137075 |
| 16 | 2021-05-24 22:27:41 +0000 | 2021-05-24 22:28:39 +0000 | 58 | tel:+12159149702 | tel:+18335137075 |
| 17 | 2021-05-25 16:42:06 +0000 | 2021-05-25 16:43:03 +0000 | 57 | tel:+12159149702 | tel:+18335137075 |
| 18 | 2021-05-25 19:26:46 +0000 | 2021-05-25 19:28:15 +0000 | 89 | tel:+12159149702 | tel:+18335137075 |
| 19 | 2021-05-25 21:51:54 +0000 | 2021-05-25 21:52:58 +0000 | 64 | tel:+12159149702 | tel:+18335137075 |

The bolded row above is row 736 in the "#2159149702.calls_20240327-195453.csv" file. It shows that TPV.com called Mohsin Abdul Jabbar on April 27, 2021, for three minutes and 41 seconds. Document 5 is a true and correct excerpt of the records TextNow produced, reduced by counsel to a pdf format that makes relevant information clearly visible, together with TextNow's certificate of authenticity. Nock used Document 5 as Exhibit 46 in TPV.com's Rule 30(b)(6) deposition.

9. The TextNow production on Nock's subpoena also contained a file named "#2159149702.messages_20240327-191847.csv" which shows records of text messages sent to

and from (215) 914-9702. These text messages include thirty-six (36) text messages between March and May 2021 between (215) 914-9702 and one of TPV.com's telephone numbers, (833) 513-7075:

| | | |
|---|---|---|
| 2021-03-02 17:02:57 UTC | Received | 18335137075 |
| 2021-03-04 17:22:27 UTC | Received | 18335137075 |
| 2021-03-23 19:47:42 UTC | Received | 18335137075 |
| 2021-03-24 16:19:30 UTC | Received | 18335137075 |
| 2021-03-27 16:28:29 UTC | Received | 18335137075 |
| 2021-04-19 22:21:36 UTC | Received | 18335137075 |
| 2021-04-21 17:25:59 UTC | Received | 18335137075 |
| 2021-04-21 22:11:35 UTC | Received | 18335137075 |
| 2021-04-23 00:11:28 UTC | Received | 18335137075 |
| 2021-04-29 21:43:38 UTC | Received | 18335137075 |
| 2021-04-29 23:57:13 UTC | Received | 18335137075 |
| 2021-05-03 23:19:31 UTC | Received | 18335137075 |
| 2021-05-03 23:46:10 UTC | Received | 18335137075 |
| 2021-05-05 19:36:04 UTC | Received | 18335137075 |
| 2021-05-05 19:45:41 UTC | Received | 18335137075 |
| 2021-05-11 23:51:45 UTC | Received | 18335137075 |
| 2021-05-12 18:06:07 UTC | Received | 18335137075 |
| 2021-05-14 18:36:42 UTC | Received | 18335137075 |
| 2021-05-17 18:27:12 UTC | Received | 18335137075 |
| 2021-05-17 18:27:13 UTC | Received | 18335137075 |
| 2021-05-17 18:27:14 UTC | Received | 18335137075 |
| 2021-05-17 18:27:15 UTC | Received | 18335137075 |
| 2021-05-18 18:17:16 UTC | Received | 18335137075 |
| 2021-05-18 23:21:07 UTC | Received | 18335137075 |

| | | |
|---|---|---|
| 2021-05-19 21:43:11 UTC | Received | 18335137075 |
| 2021-05-19 23:54:26 UTC | Received | 18335137075 |
| 2021-05-20 20:58:20 UTC | Received | 18335137075 |
| 2021-05-20 23:30:05 UTC | Received | 18335137075 |
| 2021-05-21 15:56:41 UTC | Received | 18335137075 |
| 2021-05-21 17:44:38 UTC | Received | 18335137075 |
| 2021-05-24 16:26:06 UTC | Received | 18335137075 |
| 2021-05-24 20:56:24 UTC | Received | 18335137075 |
| 2021-05-24 22:31:08 UTC | Received | 18335137075 |
| 2021-05-25 16:46:47 UTC | Received | 18335137075 |
| 2021-05-25 19:31:06 UTC | Received | 18335137075 |
| 2021-05-25 21:56:15 UTC | Received | 18335137075 |

**TPV.com's Telephone Numbers**

10. Document 6 is a true and correct copy of Exhibit 154 in TPV.com's Rule 30(b)(6) deposition in *RRH*, which contains a list of telephone numbers: (833) 513-7075, (844) 416-1174, and (844) 943-2767. (Nock used Document 6 as Exhibit 154 in TPV.com's Rule 30(b)(6) deposition in *RRH*.) Document 7 is a true and correct excerpt of TPV.com's deposition transcript from the *RRH* case (except it has been redacted consistent with an applicable protective order).

11. TPV.com identified the numbers in Document 6 as toll-free technical support telephone numbers that it used to communicate with its customers' sales agents. (Pudles Depo. Tr. 89:25-90:4 ("I believe they are phone numbers that we use for doing TPV," sales agents called these numbers "and then [TPV.com] would dial out to the consumer and bring them into a call [] or something like that throughout the process"). *See id*. 88:13-91:5. *See also id*. 92:6-7 (Document 5/*RRH* Exhibit 46 "shows calls to [] TPV.com, LLC").)

12. TPV.com also testified it recorded calls to these telephone numbers. (*Id*. 90:11-12 ("Are those calls recorded? A Yes.").)

13. Counsel has taken independent measures to confirm TPV.com uses these

1. telephone numbers. In or about June 2024, counsel called (833) 513-7075, and received an automated message that stated: "thank for you calling TPV.com," then listed a number of states with corresponding numbers to dial (starting with 1 for Delaware). In or about June 2024, counsel called (844) 416-1174, and (844) 943-2767, and received an automated messages that stated: "thank for you calling TPV.com," then listed a number of states with corresponding numbers to dial (starting with 1 for Connecticut).

14. On July 25, 2025, counsel called (833) 513-7075 and received an automated message that stated: "this third-party verification line is no longer active." On July 25, 2025, counsel called (844) 416-1174 and (844) 943-2767, and received an automated messages that stated: "thank for you calling TPV.com," then listed a number of states with corresponding numbers to press (starting with 1 for Connecticut, then 2 for Delaware, and so on for Maryland, Massachusetts, New Jersey, New York, Ohio, and Pennsylvania). When counsel pressed a number during one of these calls, he was transferred to a live agent who gave her name, identified herself as a representative of TPV.com, and asked for the caller's representative ID. In October 2025, counsel called (844) 275-4742 and received the same automated message ("this third-party verification line is no longer active") identified above.

**TPV.com Fails to Comply with the Order to Provide Nock Discovery**

15. In March 2025, Nock served a subpoena on TPV.com in the case against Indra. In July 2025, the Eastern District of Pennsylvania entered an order compelling TPV.com to produce documents responsive to Nock's subpoena (the "Order" and/or "TPV.com Order"). *See Nock v. AnswerNet, Inc.*, No. 25-26, 2025 WL 2911147 (E.D. Pa. July 1, 2025). Document 8 is a true and correct copy of the Order. To date, TPV.com's productions under the Order have been riddled with discrepancies and gaps.

16. On July 15, 2025, TPV.com filed a motion for reconsideration of the Order. (*See* Respondent's Motion for Reconsideration of the July 1, 2025 Order, *Nock v. AnswerNet, Inc.*, No. 2:25-mc-00026-GJP (E.D. Pa. July 15, 2025), ECF No. 8.) A few hours before filing this motion, TPV.com emailed Nock with a declaration which stated (in relevant part): "No communication records were found in association with Moshin Abdul Jabbar [] or the phone

number [] (215) 914-9702." But TPV.com never filed this declaration.

17. On July 29, Nock filed his opposition to TPV.com's motion. Nock's opposition provided essentially the same explanation about the (215) 914-9702 call records and evidence of calls and texts between Jabbar and TPV.com set forth in paragraphs 8 to 14 above. (*See* July 2025 Declaration of Ethan Preston, *Nock v. AnswerNet, Inc.*, No. 2:25-mc-00026-GJP (E.D. Pa. July 29, 2025), ECF No. 9-1.)

18. On August 14, 2025, TPV.com produced additional documents, including 41 audio recordings of calls. Based on my review of discovery in this case (including the TPV.com's August 14, 2025 and specifically these recordings), these recordings reflect calls in or about October 2020 either (a) verification calls from TPV.com to customers whom Jabbar sought to enroll with Indra or (b) calls to TPV.com from (215) 914-9702 seeking technical support for Jabbar's efforts to enroll Indra customers. Some of the verification calls are evidence that TPV.com (Indra's agent) had notice that Jabbar was telemarketing, and was not a door-to-door sales agent. Customers told TPV.com they "didn't meet with anybody today" or that they "talked to [the sales agent] on the phone." (TPV000077, TPV000104.)

19. However, at the time of this declaration, TPV.com still has not produced any of its *2021* call records or text messages between it and Jabbar's (215) 914-9702 telephone number.

20. Both Indra and TPV.com have been ordered to produce all of TPV.com's data for Indra's enrollments between April and June 2021. (*Cf.* Order, at *1 n.1 (ordering TPV.com to produce documents "containing data collected by TPV.com [] while the Sales Agents enrolled consumers"); *Nock v. Spring Energy RRH, LLC*, No. 1:25-cv-02809-RDB (D. Md. Jan. 15, 2025) ECF No. 75 at 7 ("Defendants shall produce all TPV.com data for all attempted and successful enrollments between April and July of 2021 within thirty (30) days of the entry of this Order"). Neither Indra nor TPV.com have complied with their respective court orders.

21. TPV.com has produced Indra's enrollment data three different times—with different numbers of enrollments, and different categories of data. The table below identifies the productions' (a) date, (b) number of individual columns and/or separate categories of data; (c) number of unique utility account numbers, (d) number of unique "confirmation codes"

(corresponding to enrollments and enrollment attempts), (e) total rows of data (excluding headers), and (f) an inexhaustive summary of missing data and other material discrepancies:

| (a) | (b) | (c) | (d) | (e) | (f) |
|---|---|---|---|---|---|
| June 2, 2025 | 78 | 2,894 | 2,596 | 4,021 | Contains "ip_address," "gps_coords," and "eztpv_contract_delivery," but did not label or differentiate between customer or sales agents' GPS coordinates or IP addresses (present in Indra's prior production) |
| July 11, 2025 | 24 | 1,720 | 4,445 | 6,168 | Lacks any IP address data, GPS data related to customers, and "eztpv_contract_delivery" present in June 2 production, missing most account numbers |
| August 14, 2025 | 24 | 1,720 | 4,445 | 6,168 | Same issues as July 2025 production |

TPV.com has never explained these discrepancies. Nock has also identified confirmation codes (11810905112, 11811005739, 11811043651, and 11811091500) that appeared in *Indra's* first production of this enrollment data—but not in any of TPV.com's productions. These confirmation codes appear to correspond to "test" enrollments using the email address and telephone number for one of Indra's employees (Jacqueline Mora), and may be more likely to contain GPS and/or IP address data that was not sanitized or "spoofed" than later enrollments.

**Nock's Subpoena to Twilio**

22. Twilio, Inc. ("Twilio") provides telecommunications services to TPV.com. Twilio has an extensive public record of resisting discovery in TCPA cases. (*See* Order, *Lawson v. Twilio, Inc.*, No. 3:24-mc-80129 (N.D. Cal. Dec. 2, 2024) ECF No. 13 at 2 ("Twilio's counsel served written objections to the subpoena" served by TCPA plaintiff, and counsel "met and conferred on multiple occasions thereafter regarding [plaintiff's] subpoena but were unable to reach any agreement"); Joint Discovery Letter, *Lathrop v. Uber Techs., Inc.*, No. 4:14-cv-05678 (N.D. Cal. Dec 23, 2015) ECF No. 100 at 2 n. 3 ("Plaintiffs have subpoenaed Twilio, but Twilio has currently refused to produce the information"); Plaintiff's Rule 56(d) Motion, *Glauser v. GroupMe, Inc.*, No. 4:11-cv-02584 (N.D. Cal. July 28, 2014) ECF No. 112 at Page7 of 18 (although "Twilio agreed [] to informally produce certain information relevant to its role in the transmission of the GroupMe messages," it "later reneged and demanded that Glauser serve it with a formal third-party subpoena" and then served "unsupported objections [] and simply

refused to provide any substantive responses whatsoever"); Joint Discovery Letter, *Bauman v. V Theater Group, LLC*, No. 3:15-mc-80102-JSC (N.D. Cal. May 6, 2015) ECF No. 10 (denying motion to quash subpoena in TCPA case).) True and correct excerpts of these filings are included in the appendix as Documents 9 to 12, except Nock has highlighted the language quoted above. (Nock App'x 52, 54, 57-66.)

23. Nock served Twilio with a subpoena (the "Subpoena") on September 9, 2025. (Nock App'x 85.) Document 13 in the appendix is a true and correct copy of Nock's Subpoena (together with proof of service on Twilio) except Nock has highlighted the language cited herein. The Subpoena contained a copy of the language from Federal Rule 45(c), (d), (e), and (g). The Subpoena also contained the following warning: "Any objections to the Subpoena must conform to Rule 45(c)(2)(B). Any grounds for objection that is not stated in a timely objection are waived." (Nock App'x 69, 78.)

**Twilio's Response to Nock's Subpoena**

24. Document 14 is a true and correct copy of an email chain between counsel for Nock and Twilio between September 19 and October 7, 2025, except Nock has highlighted language cited herein. On September 19, 2025, Twilio emailed Nock to acknowledge receipt of the Subpoena and request a copy of the operative complaint and stipulated protective order. The same day, Nock responded and provided these documents. (Nock App'x 90.) Twilio did not otherwise respond to the Subpoena until October 1, 2025.

25. On October 1, 2025, Nock emailed TPV.com to follow up on the Subpoena. Twilio's counsel responded, "writing to request an extension of the time to respond" to the Subpoena. Twilio's counsel later emailed: "As for the written response to the subpoena, I will plan for us to discuss and agree on a date for same." (*Id*. at 89.) Counsel for Nock responded: "Let's include a production schedule in the agenda as well." (*Id*. at 91.)

26. On October 7, Nock and Twilio met and conferred by telephone: after Twilio indicated it would not commit to producing any documents, Nock told Twilio would not agree to an extension on its deadline. (*See id*. at 87.) During the October 7 call, Twilio indicated it intended to serve objections to the Subpoena. After the call, Nock asked to meet and confer after

Twilio served its objections ("it makes sense to have a call next week, after Twilio's response"). (*Id.* at 86.) Twilio's counsel did not respond to that request.

27. On October 10, 2025, Twilio's counsel emailed Twilio's written response to the Subpoena. Document 15 is a true and correct copy of Twilio's October 10 response to the Subpoena. Below, Nock restates the text of the requests in the Subpoena in dispute, together with Twilio's responses, consistent with Local Rule 37-2:

> REQUEST 2:
> All call records for calls between
> 
> a. any of these telephone numbers: (844) 275-4742, (888) 200-0961, (844) 416-1174 (844) 275-4742, (833) 513-7075, and (844) 943-2767; and
> 
> b. any of these telephone numbers: (215) 914-9702, (347) 383-5493, (929) 408-8985, and (917) 291-6675;
> 
> during the class period.
> 
> RESPONSE TO REQUEST 2:
> Twilio incorporates herein by reference its Preliminary Statement and Generally Applicable Objections. Twilio objects to this Request to the extent that it seeks to impose an undue and disproportionate burden on non-party Twilio and prematurely seeks information from Twilio before first seeking such information from the Defendant and/or the relevant Twilio customer with more direct knowledge of the relevant party's involvement. It would be improper and duplicative to compel Twilio to respond when an actual party to this matter and/or the customer identified below can fully satisfy this Request. Twilio further objects to this Request as overly broad and unduly burdensome, including because it seeks call records "between" ten (10) phone numbers without specifying timeframes or limiting context, and to the extent it seeks the creation of documents or compilations that do not currently exist in the ordinary course of Twilio's business. Twilio also objects to this Request to the extent it seeks information not relevant to the underlying litigation and/or seeks information not proportional to the needs of the case.
> 
> Subject to and without waiving the foregoing objections, Twilio states phone numbers (347) 383-5493, (929) 408-8985 and (917) 291-6675 and (215) 914-9702 do not belong to customers of Twilio's services. Twilio states phone numbers (844) 275-4742, (888) 200- 0961, (844) 416-1174, (833) 513-7075 and (844) 943-2767 belong to a customer of Twilio's services. The customer details have been provided in response to Request No. 1 and that customer should be able to provide any responsive records to you. *See* Objections and Responses to Request No.1 above.
> 
> REQUEST 3:
> All call records for calls or text messages to or from any of the following telephone numbers in 2021: (844) 275-4742, (888) 200-0961, (844) 416-1174 (844) 275-4742, (833) 513-7075, and (844) 943-2767.
> 
> RESPONSE TO REQUEST 3:

Twilio incorporates herein by reference its Preliminary Statement and Generally Applicable Objections. Twilio objects to this Request to the extent that it seeks to impose an undue and disproportionate burden on non-party Twilio and prematurely seeks information from Twilio before first seeking such information from the Defendant and/or the relevant Twilio customer with more direct knowledge of the relevant party's involvement. It would be improper, and duplicative, to compel Twilio to respond when an actual party to this matter and/or the customer identified below can fully satisfy this Request.

Twilio also objects to this Request to the extent it seeks information not relevant to the underlying litigation and/or seeks information not proportional to the needs of the case. Twilio further objects to this Request to the extent it seeks the content of communications, which Twilio by law cannot produce in a civil litigation. See, e.g., 18 U.S.C. § 2702. Twilio further objects to the extent it seeks the creation of documents or compilations that do not currently exist in the ordinary course of Twilio's business. Twilio also objects to this Request to the extent it seeks information not within its possession, custody or control.

Subject to and without waiving the foregoing objections, Twilio states phone numbers (844) 275-4742, (888) 200-0961, (844) 416-1174, (833) 513-7075 and (844) 943-2767 belong to a customer of Twilio's services. The customer details have been provided in response to Request No. 1. See Objections and Responses to Request No.1 above.

REQUEST FOR ADMISSION NO. 4:
To the extent not already produced in response to prior Requests, all documents sufficient to identify every telephone number beginning with a 800, 833, 844, 855, 866, 877, or 888 area code, which number TPV.com used, reserved, or paid for during the class period.

RESPONSE TO REQUEST 4:
Twilio incorporates herein by reference its Preliminary Statement and Generally Applicable Objections. Twilio objects to this Request to the extent that it seeks to impose an undue and disproportionate burden on non-party Twilio and prematurely seeks information from Twilio before first seeking such informationfrom the Defendant and/or the relevant Twilio customer with more direct knowledge of the relevant party's involvement. It would be improper, and duplicative, to compel Twilio to respond when an actual party to this matter and/or the customer identified below can fully satisfy this Request.

Twilio further objects to this Request as overly broad and unduly burdensome, including because it seeks identification of "every telephone number beginning with 800, 833, 844, 855, 866, 877, or 888" allegedly used, reserved, or paid for by TPV.com during the class period, which is not reasonably tailored in scope, time, or subject matter. Further, Twilio cannot accurately search its databases based on an entity name alone. Twilio further objects to the extent that this Request seeks protected information, potentially including the content of communications, that Twilio by law cannot produce in a civil litigation. See, e.g., 18 U.S.C. § 2702. Twilio also objects to this Request to the extent it seeks information not within its possession, custody or control. Subject to and without waiving the foregoing objections, see Objections and Responses to Request No.1 above.

REQUEST FOR ADMISSION NO. 5:
To the extent not already produced in response to prior Requests, all documents sufficient to identify every telephone number beginning with a 800, 833, 844, 855, 866, 877, or 888 area code, which number was used, reserved, or paid for by

any of the Twilio account(s) identified in your response to Request 1 above during the class period.

RESPONSE TO REQUEST 5:
Twilio incorporates herein by reference its Preliminary Statement and Generally Applicable Objections. Twilio objects to this Request to the extent that it seeks to impose an undue and disproportionate burden on non-party Twilio and prematurely seeks information from Twilio before first seeking such information from the Defendant and/or the relevant Twilio customer with more direct knowledge of the relevant party's involvement. It would be improper, and duplicative, to compel Twilio to respond when an actual party to this matter and/or the customer identified below can fully satisfy this Request.

This Request is further overly broad on its face as it seeks "all documents sufficient to identify every telephone number beginning with 800, 833, 844, 855, 866, 877, or 888" allegedly used, reserved, or paid for." The Request is not sufficiently tailored and does not even identify the accounts for which it seeks documents for. Twilio also objects to this Request to the extent it seeks information not relevant to the underlying litigation and/or seeks information not proportional to the needs of the case. Twilio further objects to the extent that this Request seeks protected information, potentially including the content of communications, that Twilio by law cannot produce in a civil litigation. See, e.g., 18 U.S.C. § 2702. Twilio also objects to this Request to the extent it seeks information not within its possession, custody or control. Subject to and without waiving the foregoing objections, see Objections and Responses to Request No.1 above.

REQUEST 8:
All documents concerning any communication between Twilio and any other person (besides Plaintiff and his counsel) regarding the case captioned above, *Nock v. PalmCo Administration, LLC*, No. 1:24-00662, pending in the United States District Court for the District of Maryland (including, by way of example but without limitation, communications concerning this subpoena, Twilio's response thereto, and the retention and/or production of documents relevant to the case captioned above, as well as documents evidencing such communications). This category does not include Comcast's internal communications.

RESPONSE TO REQUEST 8:
Twilio incorporates herein by reference its Preliminary Statement and Generally Applicable Objections. Twilio objects to this Request because it seeks information not relevant or proportional to the needs of the underlying Action. Additionally, the Request is overly broad because it seeks "all documents" concerning "any communications," and because it fails to identify specific individuals or entities, timeframes, or subject matter limitations. Twilio also objects to this Request to the extent the Request seeks privileged communications, including those protected by attorney-client privilege or work product doctrine. Subject to and without waiving these objections, Respondent will produce non-privileged documents, if any.

(Nock App'x 79-80, 95-97, 102-03.)

**Twilio Ignores Nock's Subsequent Meet and Confer Efforts**

28.    On October 10, Nock replied to Twilio and asked for a time to meet and confer. Twilio's counsel responded, but did not provide a time to meet and confer. Nock asked again,

but never received a response. (Nock App'x 105.) Document 16 is a true and correct copy of an email chain between counsel for Nock and Twilio dated October 10, 2025, except Nock has highlighted language referenced herein. Document 16 reflects the last communications between Nock and Twilio.

**Certification**

29.     Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: October 16, 2025         By:   s/Ethan Preston
                                      Ethan Preston